IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **RAYNOR MFG. CO.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 07-2421-CM |
| ) | |
| **RAYNOR DOOR CO., INC., KELLY** ) | |
| **STONER, and JANET STONER** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## ORDER

This trademark infringement action is before the court on defendants' Motion to Dismiss (Doc. 19). Defendants do not specify under which rule they seek dismissal, but they appear to proceed pursuant to Rule 12(b)(6).

Defendants' motion relies almost entirely on matters outside of the pleadings. But when the court considers a motion to dismiss pursuant to Rule 12(b)(6), it considers only the pleadings. "All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true." *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984). The issue in reviewing the sufficiency of a complaint is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800 (1982). Taking the allegations in plaintiff's complaint as true, defendants have given the court no valid reason to dismiss plaintiff's complaint.

**IT IS THEREFORE ORDERED** that defendants' Motion to Dismiss (Doc. 19) is denied.

Dated this 10th day of December 2007, at Kansas City, Kansas.

                                        **s/ Carlos Murguia**
                                        **CARLOS MURGUIA**
                                        **United States District Judge**