**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

RAYNOR MFG. CO.,

        Plaintiff,

v.                                                                          Case No: 07-2421-DJW

RAYNOR DOOR CO., INC., KELLY
STONER, and JANET STONER,

        Defendants.

**MEMORANDUM AND ORDER**

Pending before the Court is Plaintiff's Motion to Dismiss Defendants' Counterclaims (doc. 32). Plaintiff moves to dismiss Defendants' counterclaims for failure to state claims upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). Defendants filed their Counterclaims on December 20, 2007 asserting fraud, misrepresentation and tortious interference, breach of contract, and violation of the Robinson-Patman Act. The issues before the court are as follows: whether Defendants' tort claims are barred by Kansas' two-year statute of limitations, K.S.A. 60-513(a); whether Defendants' breach of contract claim must be dismissed based on the statute of frauds, K.S.A. 33-106; and whether Defendants' Robinson-Patman Act claim must be dismissed due to a lack of pleaded facts sufficient to support such a claim. For the reasons stated below, the Court denies Plaintiff's Motion to Dismiss Defendants' tort claims, grants Plaintiff's Motion to Dismiss Defendants' breach of contract claim, and grants Defendants leave to amend their Counterclaim as to their Robinson-Patman Act claim in order to correct the deficiencies stated herein.

**I. Background**

Plaintiff, an Illinois corporation, is a manufacturer of sectional doors, including both residential and commercial garage doors. Defendants are a dealership and its owners; the dealership

is a Kansas corporation. Defendants were authorized to distribute and sell Plaintiff's products between December 1983 and August 2005. The manufacturer-dealership relationship between Plaintiff and Defendants was terminated in August 2005 due to Defendants' nonpayment of invoices from Plaintiff. Defendants were the sole dealership representing Plaintiff in the Topeka, Lawrence and Kansas City areas until Plaintiff allowed Raynor Garage Door Company, Inc. of Kansas City ("Raynor of KC") to open in the Kansas City area. After terminating the business relationship, Plaintiff requested that Defendants discontinue its use of the "Raynor" name in Defendants' store name. Defendants refused. Plaintiff brought this action against Defendants alleging trademark infringement, trademark dilution and unfair competition.

## II. Standard of Review

The court considers only the pleadings when considering a motion to dismiss pursuant to Rule 12(b)(6). "All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true."[1] The issue on a Rule 12(b)(6) motion to dismiss is not whether a claimant will ultimately prevail, but whether the claimant is entitled to offer evidence in support of his, her, or its claims.[2] The moving party bears the burden of showing that the claimant cannot prove any set of facts which would entitle him to relief.[3]

## III. Tort Claims

---

[1] *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984).

[2] *Short v. Ultramar Diamond Shamrock*, 46 F. Supp. 2d 1199, 1200 (D. Kan. 1999) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 2363 (1974), *overruled on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800 (1982)).

[3] *Williams v. McKamie*, No. 04-2516-KHV, 2005 WL 1397381, at *1 (D. Kan. June 13, 2005).

The first issue before the Court is whether Defendants' tort claims are barred by Kansas' two-year statute of limitations, K.S.A. 60-513(a).

K.S.A. 60-513(a) states, in pertinent part, that "[t]he following actions shall be brought within two years . . . [a]n action for relief on the ground of fraud, but the cause of action shall not be deemed to have accrued until the fraud is discovered."[4]  K.S.A. 60-513(b) states:

> [T]he causes of action in subsection (a) shall not be deemed to have accrued until the act giving rise to the cause of action first causes substantial injury, or, if the fact of injury is not reasonably ascertainable until some time after the initial act, then the period of limitation shall not commence until the fact of injury becomes reasonably ascertainable to the injured party . . . ."[5]

"Under Kansas law, a fraud is discovered at the time of actual discovery or when, with reasonable diligence, the fraud could have been discovered."[6]

Defendants' Counterclaims were filed in December 2007.  Plaintiff argues that Defendants' tort claims are time-barred because the alleged wrongful conduct occurred no later than June 2005.  In addition, Plaintiff states that because Defendants' dealership agreement with Plaintiff was terminated in August 2005 the Defendants' would have known they had been injured at that time, therefore, the claims must have been brought by August 2007.  However, Defendants claim that they were unaware of Plaintiff's actions supporting claims of fraud, misrepresentation, and tortious interference until the summer of 2007.  Defendants state that they first discovered Plaintiff's actions when Plaintiff produced certain documents during the course of discovery in a pending state court

---

[4] K.S.A. 60-513(a).

[5] K.S.A. 60-513(b).

[6] *Cline v. S. Star Cent. Gas Pipeline, Inc.*, 191 Fed. Appx. 822, 827 (10th Cir. 2006) (quoting *Waite v. Adler*, 239 Kan. 1, 716 P.2d 524, 527 (1986)).

3

action between the parties. Taking these statements as true, the Court finds that Defendants' tort claims, asserted in December 2007, are not barred by the two-year statute of limitations.

## IV. Breach of Contract Claim

The second issue before the court is whether Defendants' breach of contract claim must be dismissed based on the statute of frauds, K.S.A. 33-106. More specifically, the Court must determine whether a writing existed solidifying the alleged contract between the parties and whether, if no written contract existed, the contract could be performed within one year.

### A. Writing

K.S.A. 33-106 provides that "[n]o action shall be brought . . . upon an agreement that is not to be performed within the space of one year from the making thereof, unless the agreement upon which such action shall be brought, or some memorandum or note thereof, shall be in writing and signed by the party to be charged therewith, or some other person thereunto by him or her lawfully authorized in writing."[7] While the memorandum's form is not material, it must state the contract with reasonable certainty, so that the substance can be understood from the writing itself, "or by direct reference to some extrinsic instrument or writing, without having recourse to parol proof."[8] To be sufficient as a note or memorandum, a writing must be complete in itself, leaving nothing to rest in parol.[9] "The entire agreement must be explained in writing. The contract cannot rest partly in writing and partly in parol."[10]

---

[7] K.S.A. 33-106.

[8] *Cassity v. Cassity*, 147 Kan. 411, 416-17, 76 P.2d 862 (1938).

[9] *Walton v. Piqua State Bank*, 204 Kan. 741, 747, 466 P.2d 316 (1970). *See also Cassity*, 147 Kan. at 417.

[10] *Id.*

Defendants argue that a letter from Plaintiff to a third party is a sufficient writing under the statute of frauds. The letter, dated October 4, 1993, refers to a conversation between Plaintiff and the third party recipient regarding Plaintiffs agreement to indemnify Defendants on a performance bond to furnish and install garage doors and operators for an amount of $295,000.00.

Defendants contend that this letter acknowledges that a business relationship existed between the parties and therefore the statute of frauds argument fails. Plaintiff argues that this letter is not a written agreement, it says nothing about Defendants having an exclusive right to sell Plaintiff's products in the Topeka, Lawrence, and Kansas City areas, and the letter says nothing regarding Plaintiff agreeing to give Defendants any particular pricing.

The Court agrees. The October 4, 1993 letter does not state a contract between Plaintiff and Defendants with reasonable certainty and the letter is not complete in itself as required. Specifically, the letter states no terms of any agreement, including any indication of the duration of the business relationship. Furthermore, Defendants state in their Counterclaims that "Plaintiff agreed to allow [Defendants] to market its product in the Topeka, Lawrence, and Kansas City area as its *sole distributor/dealer*."[11] However, the letter at issue says nothing about Defendants being the sole distributor/dealer. Additionally, as Plaintiff points out, Defendants' contention that a writing exists is directly contrary to the deposition testimony of Defendant Janet Stoner. Ms. Stoner was asked whether she was aware of Raynor Door Company, Inc. ever signing a written dealer agreement with Raynor Manufacturing. She responded that "[i]t was all verbal[]."[12] Thus, the Court finds that no writing existed between the parties.

---

[11]Defs' Countercl. at ¶ 19 (emphasis added).

[12]Stoner Dep. 129:1-4, Sept. 7, 2007.

### B. Performance within One Year

K.S.A. 33-106 provides that "[n]o action shall be brought . . . upon an agreement that is not to be performed within the space of one year from the making thereof . . . ."[13] The Kansas Statute of Frauds "requires that a contract not capable of performance within one year be in writing."[14]

According to Defendants' Counterclaims, the agreement the parties entered into was one of manufacturer and dealership with Plaintiff being the manufacturer and Defendants being the dealership. It is often in a business's best interest to form an agreement of this nature to continue over many years. This notion is supported by the fact that the Plaintiff and Defendants did indeed continue their business relationship for over twenty years. In fact, the relationship was only terminated after Defendants failed to pay invoices due to Plaintiff. These facts tend to support the conclusion that the agreement entered into in this case was not one capable of performance within one year. Therefore, the Court finds that Defendants' breach of contract claim must be dismissed based on the statute of frauds.

## V. Robinson-Patman Act Claim

The final issue before the Court is whether Defendants' Robinson-Patman Act claim must be dismissed due to a lack of pleaded facts sufficient to support such a claim**.**

The Robinson-Patman Act[15] states, in pertinent part, the following:

It shall be unlawful for any person engaged in commerce . . . to discriminate in price between different purchasers of commodities of like grade and quality, . . . where the effect of such discrimination may be substantially to lessen competition or tend

---

[13] K.S.A. 33-106.

[14] *Kan. Power & Light Co. v. Burlington N. R.R. Co.*, 740 F.2d 780, 790 (10th Cir. 1984). *See also* K.S.A. 33-106.

[15] 15 U.S.C. § 13.

>     to create a monopoly in any line of commerce, or to injure, destroy, or prevent competition with any person who either grants or knowingly receives the benefit of such discrimination, or with customers of either of them . . . .[16]

To establish a violation of the Robinson-Patman Act, the Defendants must show that (1) the relevant garage door sales were made in interstate commerce; (2) the garage doors were of "like grade and quality;" (3) Plaintiff "discriminate[d] in price between" Defendants and another purchaser of Plaintiff's garage doors; and (4) "the effect of such discrimination may be . . . to injure, destroy, or prevent competition" to the advantage of a favored purchaser, *i.e.*, one who "receive[d] the benefit of such discrimination."[17]

Fed. R. Civ. P. 8(a) requires only "a short and plain statement of the claim" upon which the pleader is entitled to relief.[18] The counterclaim "must say enough to give [Plaintiff] 'fair notice of what [Defendants'] claim is and the grounds upon which it rests.'"[19]

For purposes of ruling on this Motion, the Court must take as true Defendants' allegations in their Counterclaims. Defendants do not specifically allege that the garage door sales were made in interstate commerce. Thus, Defendant fails to establish the first element of a Robinson-Patman Act claim.

---

[16]*See id.* § 13(a).

[17]*Volvo Trucks N. Am., Inc. v. Reeder-Simco GMC, Inc.*, 126 S. Ct. 860, 870 (2006) (quoting 15 U.S.C. § 13(a)).

[18]Fed. R. Civ. P. 8(a)(2).

[19]*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 127 S. Ct. 2499, 2507 (2007) (quoting *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346 (2005)).

7

Defendants do not allege that the garage doors were of like grade and quality. There is nothing alleged in the Defendants' Counterclaims to support this second element. Defendants have failed to plead sufficient allegations to support this element.

Defendants do allege that Plaintiff discriminated in price against Defendants and in favor of Raynor of KC. Defendants claim that Plaintiff "entered into a more profitable arrangement with [Raynor of KC] which may have included rebates, incentives and other methods in which the costs of the products were reduced below what [Defendants] were charged for the products."[20] These allegations support the third element.

Defendants also allege that the effect of this alleged discrimination was to injure, destroy, or prevent competition to the advantage of a favored purchaser. They further allege that "said differences were done for the purpose of providing [Raynor of KC] with a competitive advantage over [Defendants]"[21] and that Plaintiff forced them to increase accounts payable as a ploy to then cancel its dealership with [Defendants].[22] These allegations support the fourth element of a Robinson-Patman Act claim.

Because Defendants failed to establish the important second element of the Robinson-Patman Act claim, the Court finds that Defendants' allegations are insufficient to give Plaintiff 'fair notice of what Defendants' are claiming and the grounds upon which those claims rest. Therefore, the Court will dismiss Defendants' Robinson-Patman Act claim for failure to plead facts sufficient to

---

[20]Defs' Countercl. at ¶ 9.

[21]*Id*. at ¶ 10.

[22]*Id*. at ¶¶ 11-12.

support such a claim, but will grant Defendants leave to amend their Counterclaim within twenty days to properly allege sufficient facts to support a Robinson-Patman Act claim.

For the reasons stated below, the Court denies Plaintiff's Motion to Dismiss Defendants' tort claims, grants Plaintiff's Motion to Dismiss Defendants' breach of contract claim, and grants Defendants leave to amend their Counterclaim as to their Robinson-Patman Act claim in order to correct the deficiencies stated herein.

IT IS THEREFORE ORDERED THAT Plaintiff's Motion to Dismiss Defendants' Counterclaims (doc. 32) is granted in part and denied in part, as set forth herein. The Court dismisses Defendants' Breach of Contract claim, but grants Defendants leave to amend their Counterclaim as to their Robinson-Patman Act claim in order to correct the deficiencies stated herein. Such amended Counterclaim shall be filed **within twenty (20) days** of this Memorandum and Order. If Defendants fail to do so, their Robinson-Patman Act claim shall be subject to immediate dismissal.

IT IS SO ORDERED.

Dated in Kansas City, Kansas on this 31st day of March, 2008.

s/ David J. Waxse
David J. Waxse
United States Magistrate Judge

cc:   All counsel and *pro se* parties